GIVEN ET AL. *v*. EBERWEIN, EXECUTOR.

[No. 12,924.   Filed December 15, 1927.   Rehearing denied March 15, 1928.   Petition for transfer dismissed May 16, 1928.]

*Shirts & Fertig* and *F. M. Thompson*, for appellants.
*George W. Osborn, Edie & Edie* and *J. F. & N. C. Neal*, for appellee.

REMY, C. J.—Suit by appellee, Eberwein, as executor of, and trustee under, the last will of Daniel Martin, deceased, and as administrator of the estate of Calvin S. Martin, deceased, against appellants and certain of appellees, to construe parts of the will of Daniel Martin. Complaint sets forth the portions of the will sought to be construed, and is in the usual form. Answer to the complaint is in two paragraphs. The first admits the execution of the will and other facts of record, but denies that there is any uncertainty as to the meaning of the items sought to be construed. The second paragraph contains argumentative allegations as to the construction of those items, and in addition there are allegations to the effect that, contrary to the terms of the will, appellee had paid certain debts of two of the beneficiaries, that appellee was not properly administering the trusts and asking that he make report of his acts as trustee. There was a verified reply by appellee, setting forth that he as trustee had filed with the court reports of all his acts, some of which had been approved, and others the court had under advisement.

The will disposed of an estate of the approximate value of $100,000. The first item provided for payment of debts; the second gave to William D. Martin, a son, one-seventh, in value, of the entire estate of testator; the third made a similar provision for James Q. Martin, another son; the fourth gave to David B. Martin, a son, the one-seventh, in value, of the estate, less advancements represented by two certain promissory notes with interest at five per cent. Item 5 was as follows:

"All the residue of my estate, charged with its proportionate share of my just debts, funeral ex-

penses and expense of administration, I give, devise and bequeath to William J. Eberwein of Sheridan, Indiana, or his successors as trustee upon trust to invest the same in stocks and bonds, or to loan on real estate, the security to be a first mortgage or to invest in real estate in his absolute discretion from time to time, during the lives of my children Jacob Grant Martin, Jeanette E. Given, Calvin S. Martin and Harry Martin and to pay to each of them except as hereinafter provided, the income derived from said sums of money so invested, or if he shall think proper and necessary for the comfortable support of any of said children, any part of the principal, or in the absolute discretion of the trustee or his successors, the respective shares of the income of said invested money shall be applied to the maintainance of the wives or children of any in such manner as said trustee or his successors in their absolute discretion shall think proper."

Item 7 is in the following language:

"After payment of the devises and bequests mentioned in Items 2, 3 and 4 of this will, I direct that said sum of money then left and the following described real estate in Hamilton County, Indiana, to wit: (real estate described) be and is hereby created a trust and for the purpose of equalizing and determining the amount of said trust or the share of my estate which any devisee or legatee shall receive, it is my opinion that said real estate described in this item of this will is of the value of $27,000, and I direct the executor and trustee or their successors to take $27,000 as the value of said land for said purpose. My sons Calvin S. Martin and Harry Martin are to have the right to live and make their homes on said real estate and the value of said farm as herein fixed shall be taken as its value in fixing the respective shares in the trust estate herein created. The income to be derived from the trust estate herein created, after the payment of expenses and a reasonable compensation of the trustee shall be divided and paid as follows: *Harry Martin shall*

*receive one-fourth less one-half the amount of one note for $285 and interest at 5% from Feb. 26th, 1917, and one-half of one note for $836.80 with interest at 5% from Feb. 15th, 1917, it being the intention of the testator to charge his share in the trust fund with one-half the amount of said notes, but not to have said notes collected.* Calvin S. Martin shall receive one-fourth less one-half the amount of one note for $285 and interest at 5% from Feb. 26, 1917, and one-half of one note for $836.80 with interest at 5% from Feb. 15, 1917, it being the intention of the testator to charge his share in the trust fund with one-half the amount of said notes but not to have said notes collected.* The balance of the income from said trust fund shall be divided equally and paid to Jacob Grant Martin and Jeanette E. Given." (Our italics.)

By Item 8, it is provided that the trust created by the will should continue for and during the lifetime of the last survivor of testator's four children named as beneficiaries, to wit, Jeanette E. Given, Jacob Grant Martin, Harry Martin and Calvin S. Martin, and that upon the death of the last survivor, the title to the trust estate to vest in the children of the four beneficiaries. Item 9 named appellee as executor of the will.

At the trial, the parties requested the court to find the facts specially, and on July 12, 1926, the court made its special findings of fact numbered from 1 to 17 inclusive, and stated its conclusions of law thereon. On the following day, and within the same term of court, the court on its own motion struck out the findings numbered 5, 12, 13, 14 and 17, and renumbered those which remained.

It is unnecessary to set out the special findings. The conclusions of law to which exceptions were reserved are those numbered by the court as 6, 7, 8 and 11. Number 6 is to the effect that only one-half the interest on the two notes of Calvin, referred to in Item 7 of the will,

being that part we have italicised, should be deducted from his share, and that the remainder of the undivided one-fourth part of the income from the trust estate constitutes the share which under the will the testator intended should go to Calvin; the seventh conclusion of law is to the same effect as to Harry's interest under the will. Conclusion of law No. 8 is that the interest thus deducted from the shares of Calvin and Harry should be divided equally between Jeanette E. Given and Jacob Grant Martin. The court's conclusion of law No. 11 is that, under the will, the personal debts of Calvin and Harry which were incurred by them prior to the death of testator should be paid by the executor from the principal of the trust fund.

From a judgment construing the will in accordance with the conclusions of law stated, this appeal is prosecuted, the contention of appellants being that the court erred in its conclusions of law and in overruling motion for new trial.

One of the reasons for a new trial on which error is predicated is the action of the court in modifying the special findings of fact after the same had been made, signed and filed. It was within the power of the court to amend its special findings within the term, as it did. However, if the court had erred in that regard, the error would not be available to appellants, they having failed to except to the court's action.

The only questions which will require consideration are as to the construction of those parts of the will which make provision for testator's sons Calvin S. and Harry, and the parts of the will which make such provision are Items 5 and 7, above set forth. There are two questions, the first of which is whether, by that part of Item 7 italicised, the testator, as held by the trial court, intended that only the interest on the two notes should be charged against, and de-

ducted from, the shares given to Calvin and Harry, the makers of the notes; or did he intend, as contended by appellants, that both principal and interest should be charged against the shares of Calvin and Harry, and that, in the event their shares in the estate should not be sufficient, the deficiency should not be collected from them. We concur in the view contended for by appellants. It is to be observed that the testator first states that each of the two sons shall receive one-fourth of the income from the trust fund less one-half of the notes with interest. If this were all of the provision, there could be no controversy; but that is not all; the testator adds that it is his intention to charge the share "in the trust fund" of each of these sons "with one-half of the amount of said notes, but not to have said notes collected." It is argued by appellee, and the court in effect held, that the provision that the two beneficiaries should each receive one-fourth of the income from the trust fund was stricken down by the later provision in the same sentence, that the notes were not to be collected. The answer to this argument is that courts are not at liberty, because of ambiguity in an item of a will, to strike out any part of it, if the item can be reasonably construed so as to include all of the language used. If we adopt the construction contended for by appellant, which is a reasonable construction, all parts of the clause in controversy become effective. We hold that both principal and interest on the notes referred to in Item 7 should be charged against the shares bequeathed to Calvin S. and Harry.

The remaining question for determination is: In making provision in his will for his sons Calvin and Harry, did the testator, as held by the trial court, authorize his executor to pay the debts of the two sons out of the principal of the trust estate? An examination of the will reveals that it does not con-

tain a word about those debts or the payment thereof; nor is there anything in the will from which the existence of debts or their payment could be inferred. The mere fact that testator knew of the debts at the time he executed the will, as specially found by the trial court, is no evidence that he intended payment of the debts by his executor. Clearly, the will does not authorize the executor to pay the debts in question out of the principal of the trust estate, and any such payment made by the executor was without authority of law.

Other questions raised by appellants are not considered for the reason that, as appears from the record, they have been properly presented to the probate side of the court by way of objections to reports of the executor, where they are now pending.

Judgment is reversed, with instructions to restate the conclusions of law and render judgment in accordance with this opinion.